Mr. Resett, you may proceed. Good afternoon, Your Honors. May it please the Court, my name is Paul Resett. I'm an Assistant Attorney General for the State of Illinois, and I represent the Department of Revenue in this appeal. This appeal arises from an administrative review action that was brought after the Department denied a taxpayer, which is a not-for-profit organization, an exemption, a charitable exemption from sales and use taxes. The Department's denial of the exemption was not clearly erroneous. The Illinois Supreme Court has twice addressed whether a patriotic organization such as the taxpayer is also a charitable organization for purposes of getting this exemption. In 1956, the Court held in the Rogers Park case that although an American Legion post was a patriotic organization, it was not entitled to the charitable exemption. The Court noted that the post's purposes included fostering a love of country and respect for our civil institutions, but that while these were patriotic, laudable, and public security goals, they did not constitute charitable purposes. Further, there was no evidence that the American Legion post spent any expenditures for charitable purposes such as helping the poor or the disabled. We have the same situation here that was present in Rogers Park. While producing a fireworks display on Independence Day is a patriotic, laudable, and public spirited goal, it's not a charitable purpose. And there's no evidence here of any expenditures by the taxpayer for charitable purposes such as assisting the poor and the disabled. But isn't one of the charitable purposes as defined promotes the well-being of society? I mean, it isn't quite as limited as your definition, is it? Well, when you look at the regulation, there is some language in there about conferring a benefit on the public or promoting the well-being of society. But I think that you can't look at that language in isolation, Your Honor. If you look at these two Illinois Supreme Court cases, the Norris Court case and the Rogers Park case, in both those cases, the patriotic organizations did engage in activities that did promote the general welfare or benefit the public. These are organizations like the American Legion, the VFW. It wasn't one of the issues there, though, that they were private clubs. And they said, you know, you're not conferring a benefit on the general public because you're a private club and you're limiting who can come in here. Wasn't that one of the issues? Well, that wasn't the primary holding. The difference here is that in those cases, it involved the charitable exemption from property taxes. And in those cases, this case is not one of those, it's just seeking sales and use tax exemption. In a property tax exemption case, you first look at whether the organization is a charitable organization, which is what we do here. But then you also look at whether the property itself is primarily used for charitable purposes. And that's when the court got into looking as to who was actually using the hall and the bar and the pool tables and things like that. So because we don't have property here, we don't really look at that part of it. And the American Legion posts in both those Supreme Court cases did do things that did confer a benefit on the public. They participated in Veterans Day parades. They attended military funerals. Obviously, these are things that benefit the public. But still, the Supreme Court said that while these were laudable and patriotic purposes, they did not constitute charitable purposes. And so we think under those cases and under the department's regulation, which codifies those cases, the department had no choice but to deny the exemption here. Because certainly, if the VFW and the Daughters of the American Revolution cannot get this exemption, then the taxpayer should not be able to either. Well, let's take the DAR for a moment. Normally, they don't have clubhouses, et cetera, that they are private. They're a membership organization. But you're saying they wouldn't qualify if they engaged in activities at the Fourth of July, sponsored a parade and booze and things like that, that they would not qualify for a sales and use tax exemption? Right. The department's regulation specifically states that the Daughters of the American Revolution, AMVETS, American Legion, and VFW and similar organizations do not qualify because while they are not-for-profits and while they are patriotic, their primary purpose is not charitable. Some of these organizations do engage in incidental charitable work. Like in the North Shore case, the court noted that certain auxiliaries of the post did collect clothes for indigent people, et cetera, but because it wasn't their primary purpose, which is the standard, in order to get the charitable exemption, that's got to be the primary purpose of your organization, not an incidental one. And here, there's not even incidental charitable work. This organization doesn't- There's one event, right? Right. Once a year it puts on a fireworks display in the city of Chillicothe. As your Honor noted, there is another regulation that talks about how charitable exemption can be available when the taxpayer is relieving a burden of government or if it's conferring a benefit on the public. But here, when a municipality puts on a fireworks display, it's a voluntary thing that it does. They have no legal duty to put one on and many do not. So because there was no legal duty to put one on, they're not relieving the city of a burden by doing it instead of the city. So you're saying shooting off fireworks is hardly arguably conferring a benefit to the public in a charitable manner? There is obviously some benefit that's conferred because otherwise people wouldn't attend, Your Honor. People go to the fireworks display because they enjoy the fireworks display and it does instill feelings of patriotism. However- But patriotism doesn't equate with charitable activity, does it? That's the exact point, Your Honor. So if the other council chose to be here today, they would probably be arguing, having to argue somehow that they do something in charitable activity, right? Well, they're claiming that fireworks in and of themselves are charitable. And that's what the circuit court held, but I don't see how they get to that reasoning. Because the Illinois courts have always looked at charity in a more traditional manner, such as feeding the hungry, clothing the poor, things like that. And simply because you don't charge admission for something doesn't mean that you're a charity. Unless the court has any further questions, we would ask that you affirm the department's decision and vacate the circuit court. And what's our standard of review? It's clearly erroneous, Your Honor, because it's a mixed question of fact and law. There are cases that say that when a department denies an exemption to a particular taxpayer, that's a mixed question of fact and law because you're applying the undisputed facts to a statutory or regulatory standard. And here the facts are undisputed as to what occurs. The dispute is whether what they do constitutes charitable work or whether it's just purely patriotic. An organization can be both patriotic and charitable. I understand that, but back to the exemption or back to the standard of review. So really your understanding of the standard of review is that clearly erroneous basically gives your agency, your department, great deference as to defining whether those facts fall under that definition, right? Right. It's not the highest deference, but it's higher than the de novo, which is what the taxpayer was arguing for. And we do have revenue cases cited in our brief that say in this exemption context that that's the standard that should apply. That standard of review, correct me if I'm wrong, is a fairly recent standard of review, a higher standard than years ago, isn't it? There's been more clarification. There used to be some dispute about how you defined what clearly erroneous meant and what the Supreme Court did in the Carpet Lane case in AFM and cases like that. They said that the court has to have a definite and firm conviction that the department erred before it can reverse. So it's not as deferential as abuse of discretion or a manifest way of evidence, but it's intermediate. It's more deferential than de novo, which is a pure question of law, such as statutory obstruction would be de novo. Does the court have any further questions? I don't believe so. Thank you. Thank you, Mr. Resit. For the record, the court will take this matter under advisement and a written disposition shall issue.